UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| L. WHITNUM,<br>         Plaintiff,<br><br>         v.<br><br>TOWN OF GREENWICH, et al.,<br>         Defendants. | No. 3:11-cv-1402 (SRU) |

### RULING AND ORDER
### DENYING PLAINTIFF'S MOTION FOR JURY TRIAL

*Pro se* plaintiff L. Whitnum filed this lawsuit alleging that First Selectman Peter Tesei and the Town of Greenwich, Connecticut (collectively, "the defendants"), unlawfully authorized a bar mitzvah to take place in Town Hall in violation of the Establishment Clause of the First Amendment to the U.S. Constitution, and in violation of Article Seventh of the Connecticut Constitution.  Am. Compl. (doc. 12).  Several years later, Whitnum demanded a jury trial, for the first time, in her pretrial memorandum (doc. 122) and moved for authorization, pursuant to Rule 39(b), to proceed with a jury trial (doc. 171).  The defendants objected to Whitnum's Rule 39(b) motion, arguing that she failed to make a timely jury demand and had not demonstrated good cause for that lapse, thus waiving her right to a jury trial (docs. 126, 175).  For the reasons set forth below, Whitnum's motion for jury trial is **denied**.

I.   **Standard of Review**

   Rule 38(b) of the Federal Rules of Civil Procedure provides,

> On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand— which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).

Accordingly, "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).  That waiver applies to *pro se* parties, even if a party's waiver was inadvertent or unintended.  *Washington v. N.Y.C. Bd. of Estimate*, 709 F.2d 792, 797 (2d Cir.) (inadvertence) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2321, at 102 (1971)), *cert. denied*, 464 U.S. 1013 (1983); *Noonan v. Cunard S.S. Co.*, 375 F.2d 69 (2d Cir. 1967) (incorrect belief that a timely demand had been made).

Absent a "showing of more than just 'inadvertence,'" a district court may not grant a party's untimely jury trial demand.  *Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 356–57 (2d Cir. 2007).  Because the purpose of the fourteen-day notice requirement is to provide the opposing party with notice of a jury trial demand, a *pro se* plaintiff's pleadings cannot be construed to overcome a failure to provide timely notice of her jury trial demand.  *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989); *see also Higgins v. Boeing Co.*, 526 F.2d 1004, 1006 n.2 (2d Cir. 1975) (per curiam) ("despite the discretionary language of Rule 39(b)[,] some cause beyond mere inadvertence must be shown to permit granting an untimely demand.").

## II.   Background

Whitnum filed this case in federal court on September 8, 2011 (doc. 1).  Over the course of litigation, Whitnum amended her complaint twice—once on February 27, 2012 (doc. 9), and again on April 3, 2012 (doc. 12)—to refine claims raised in her first pleading.  None of those complaints included a jury demand.  The last pleading directed towards the issues raised in Whitnum's complaint, the defendants' Answer, was filed on April 20, 2012 (doc. 14).

On October 7, 2014, Whitnum submitted her pretrial memorandum, in which she included a demand for a jury trial.[1]  Pl.'s Pretrial Mem. 1 (doc. 122).  The defendants objected to Whitnum's jury trial demand on October 14, 2014, arguing that Whitnum had failed to comply with Rule 38(b) and had not articulated circumstances showing good cause for her delay.  Defs.' Objection to Pl.'s Pretrial Mem. 1 (doc. 126).  On November 25, 2014, Whitnum filed a formal motion, pursuant to Rule 39(b), requesting a jury trial (doc. 171), and the defendants renewed their objection (doc. 175).

### III.  Discussion

In order to determine the deadline by which a party must demand a jury trial, the court looks to the date upon which the last pleading related to a particular issue is served.  Fed. R. Civ. P. 38(b); *Westchester Day Sch.*, 504 F.3d at 356; *see also Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir. 1980) (a litigant who has waived a jury may demand one with respect to new issues raised in later pleadings).  The last pleading directed to the issue being litigated here—a Section 1983 action regarding an alleged violation of the Establishment Clause—was filed on April 20, 2012, and served sometime between April 20 and May 4, 2012.  Under the most generous calculation, Whitnum's deadline for serving her demand for jury trial expired on May 20, 2012.  It is undisputed that Whitnum did not submit a jury demand on or before May 20, 2012.

Approximately two-and-one-half years later, Whitnum made her first demand for a jury trial.[2]  Although the Federal Rules of Civil Procedure allow a district judge to grant a jury trial

---

1. Whitnum submitted an "objection to defendants' objection," which I have construed as a reply brief, stating that "according to [her] records," she submitted a Request for Trial by Jury to the defendants in September 2012 (doc. 163, filed October 30, 2014).  There is no information in the record to support her statement that the defendants received notice of her jury demand prior to October 2014.

2. Even assuming Whitnum did, in fact, serve a jury demand in September 2012, that request would have been served three months after her deadline under Rule 38(b).

3

upon a party's motion to that effect, the Second Circuit has noted that a Rule 39(b) motion may only be granted where "the moving party's showing beyond mere inadvertence is sufficient to justify relief." *Noonan*, 375 F.2d at 70; *Raymond v. IBM Corp.*, 148 F.3d 63, 66–67 (2d Cir. 1998); *see also Cascone v. Ortho Pharm. Co.*, 702 F.2d 389, 392 (2d Cir. 1983) ("it would not seem too exacting to expect that, having selected the forum, the plaintiff should be familiar with and abide by the procedures followed there."). That provision applies to all litigants, including those proceeding *pro se*. *Washington*, 709 F.2d at 798.

  In this case, Whitnum selected the forum for her case—federal court—and declined to utilize the district court's *pro se* guidance and *pro se* Section 1983 complaint form, which included a section on whether a plaintiff demands a jury trial. Whitnum has not provided any information describing circumstances that would justify extending the period of time within which she may demand a jury. Accordingly, her motion for leave to untimely demand a jury trial (doc. 171) is **denied**.

  It is so ordered.

  Dated at Bridgeport, Connecticut, this 13th day of April 2015.

                 /s/ STEFAN R. UNDERHILL
                Stefan R. Underhill
                United States District Judge