UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| L. "LEE" WHITNUM,<br>     Plaintiff,<br><br>     v.<br><br>TOWN OF GREENWICH, *et al.*,<br>     Defendants. | No. 3:11-cv-1402 (SRU) |

## ORDER

The plaintiff, Lee Whitnum, acting *pro se*, has moved under Rule 60 for relief from the final judgment that she lacked standing in this case (doc. 217), and has also moved for a reconsideration of my order denying as moot her request for judicial intervention to obtain a transcript (doc. 222).

With respect to her motion for relief from judgment, Whitnum's motion must be **denied.** Her argument is wholly based on legal precedents and arguments that were available to her at the time of her appeal, and indeed she appears to have deliberately chosen not to make those arguments in her appeal. *See* Appellant's Br. at 2, *Whitnum v. Town of Greenwich, et al.*, No. 15-2212 (available as Defs.' Opp'n Br., Ex. A) ("Firstly this plaintiff is not appealing the Judge's decision [regarding standing] . . . . [T]his litigant reluctantly accepts that ruling[.]"). Accordingly, Whitnum is now foreclosed from using a Rule 60 motion as a substitute for the appeals process. *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("In no circumstances, though, may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion.").

Whitnum's motion may also be construed as an attempt to relitigate my prior Order through an untimely motion for reconsideration; however, even setting aside procedural issues,

Whitnum's motion fails to meet the high standard for reconsideration. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). Her motion for relief from judgment is accordingly **denied**.

Whitnum has also filed a motion for reconsideration of my June 16, 2016 order denying as moot her motion for judicial intervention to obtain a transcript. As I noted in my June 16 Order, Whitnum's request for assistance in obtaining the transcript became moot when the transcript in question was filed on the docket, and Whitnum has given me no reason to reconsider that decision. Instead, she apparently misconstrued the June 16 order as a ruling on her motion for relief from judgment and filed a largely duplicative brief in support of that motion. Accordingly, for the reasons stated above, that motion is also **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 7th day of July 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge